Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIE CLAYTON LILYA,<br><br>            Plaintiff,<br>v.<br><br>MIDLAND FUNDING, LLC, a Delaware limited liability company, JOHNSON MARK, LLC, a Utah limited liability company.<br><br>            Defendants. | Case No.: 4:16-cv-113<br><br>**COMPLAINT** |

COMES NOW the Plaintiff Jennie Clayton Lilya, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendants as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Jennie Clayton Lilya is a natural person residing in Bingham County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Midland Funding is a Delaware limited liability company engaged in the business of

collecting debts, using mails and telephone, in this state with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

4. Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Midland Funding is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. Defendant Johnson Mark is a Utah limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 11778 South Election Rd., Suite 240, Draper, UT 84020.

7. Johnson Mark is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Johnson Mark is licensed to do business in Idaho and can be served through its registered agent, Michael Archibald, 3023 East Copper Point Dr., Suite 102, Meridian, ID 83642.

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

11. Midland Funding is a company which purchases charged-off debts for pennies on the dollar and then enlists law firms to aid in collection of those debts.

12. Midland Funding has contracted with Johnson Mark to perform collection efforts on debts allegedly owed by Idaho residents.

13. Those collection efforts include filing suit in Idaho and mailing letters to Idaho residents.

14. Upon information and belief, Midland Funding provides standard operating procedures which it expects Johnson Mark to follow.

15. Johnson Mark functions as an agent of Midland Funding.

16. On March 8, 2016, Mrs. Lilya was served with a Complaint with her as the Defendant under her maiden name, Midland Funding v. Jennie Clayton, Bingham County Court Case No. CV-16-253.

17. The Complaint alleged that Mrs. Lilya owed Midland Funding $898.69 for a credit card which originated with Credit One Bank.

18. On March 10, Mrs. Lilya served an Answer to the Complaint, through counsel, on Midland Funding and Johnson Mark.

19. On March 14, Mrs. Lilya received an undated letter from Johnson Mark, attached as Exhibit A.

20. The letter claimed to be confirmation of a settlement between Mrs. Lilya and Midland Funding.

21. Mrs. Lilya did not agree to any settlement agreement.

22. The letter lists the principal balance of the debt, court costs, and the current balance.

### COUNT I: VIOLATION OF FDCPA - MISREPRESENTATIONS

23. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

24. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

25. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

26. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010)

27. 15 U.S.C. § 1692e(2)(A) prohibits "the false representation of the character, amount, or legal status of any debt."

28. Idaho Rule of Civil Procedure 54(d)(1) allows the prevailing party to recover court filing fees as a matter of right.

29. At the time the letter was sent by Johnson Mark, no judgment had been obtained, therefore there was no prevailing party.

30. In fact, the 20 days to file an Answer to the Complaint had not elapsed, therefore Johnson Mark and Midland Funding could not possibly have obtained a judgment prior to the letter being sent.

31. By listing court costs, Defendants implicitly suggested that they were entitled to court costs despite not being the prevailing party and contrary to Idaho Rules of Civil Procedure, therefore Defendants misrepresented the amount and legal status of the debt.

32. Additionally, Defendants misrepresented that a settlement agreement had been reached.

33. Mrs. Lilya is entitled to statutory and actual damages due to Defendants' violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B. Statutory damages up to $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

D. In the event of default judgment, for attorney fees in the amount of $2,000.00,

E. For Court costs; and

F. For such other and further relief as may be just and proper.

DATED: March 17, 2016.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC